José Fernández-Rodríguez, Plaintiff and Appellant, *v.* Alonso Riera & Co. et al., Defendants and Appellees.

No. 4569. Argued April 30, 1928.—Decided May 4, 1928.

*Adrián Agosto* for the appellant. *López de Tord & Zayas Pizarro* for Alonso Riera & Co.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Alonso Riera & Co., one of the appellees herein, has moved for dismissal of the appeal on the ground that of the many extensions asked for by the appellant for presenting a statement of the case the first four granted by the court are void on account of the generic form in which they were sought and secured, and the stipulation made by the parties that the appellant should have until October 31, 1926, for presenting his statement of the case is of no effect because it had not been approved by the court, and that the motion for an extension of time made on July 1, 1926, was not granted by the court and therefore that extension has no value. It is further alleged that the statement of the case was presented on July 8, 1927, and up to the time of the date of the motion more than eight months had elapsed without its having been approved, or a date therefor having been set, or any step to that end having been taken by the appellant. The motion is dated April 3, 1926, and attached to it is a certificate of the clerk of the District Court of San Juan showing its extent.

On the 30th of April the appellant filed an opposition to the motion for dismissal, denying that the extensions had been applied for in a generic manner, contending that the stipulation was valid as well as the extensions applied for and secured later. He alleged that the statement of the case had been presented, but had not been approved by reason of the absence of Judge Muñoz who heard the case, and maintained that the attorney for the appellant had not been negligent. That opposition is accompanied by a certificate of the clerk of the District Court of San Juan to

prove these allegations. It shows, among 'other' things that the statement of the case was approved on April 19, 1928.

There is nothing before us to indicate that the stipulation made by the attorneys to extend the time for presenting the statement of the case was made after the expiration of the term, which would deprive the court of jurisdiction for granting that extension within the holding of this court in the case of *Succession of Criado* v. *Rivera et al.*, 25 P.R.R. 234. There is no doubt, as said in that case, that it is the province of the court and not of the attorneys to extend the statutory time. But in the case before us the court granted several extensions later and this indicates that the stipulation was approved by implication.

Rule 27 of the district courts prescribes that agreements between the attorneys have no force unless made in writing, or in open court, and included in the record. In the present case the stipulation appears in writing and attached to the record.

The practice of extending by stipulation periods which can be extended only by the courts is not the proper practice and should not be followed by attorneys nor encouraged by the courts.

However, we do not believe that the party who signs a stipulation is at liberty to challenge it later.

We do not find that the first four extensions were applied for or secured in such a manner that their beginning, extent, purpose or object could not be determined. It appears that mention is made of the time or period of the extension applied for, 30 or 60 days, which begins to run from the termination of the extension already granted and requested for presenting the statement of the case. It is sufficient and it is unnecessary to state exactly the day or date of its beginning and of its expiration.

As to the extensions granted after the stipulation, as the motion is based on its nullity, the motion is decided against the petitioner.

It does not appear that the appellant has been negligent in seeking the approval of the statement of the case. The judge called on to approve it was absent from the court and the party waited for a favorable opportunity to ask for his approval. However, it is well to say that Rule 65 of this court, in harmony with section 219 of the Code of Civil Procedure, provides appellants with a way to secure the approval when the judge who rendered the decision dies, or is removed from office, or is absent from the island, or refuses to approve.

For the foregoing reasons the motion to dismiss is overruled.